**Robert ALEXANDER, Plaintiff— Appellee,**

v.

**J. PEREZ; C. Bruce, Defendants— Appellants.**

No. 04–16209.

D.C. No. CV–03–05249–OWW/LJO.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2005.*

Decided Feb. 23, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See  Fed. R.App. P. 34(a)(2).

Robert Alexander, Soledad, CA, pro se.

Jonathan L. Wolff, Office of the California Attorney General, San Francisco, CA, for Defendant–Appellant.

Before D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM**

Appellee Alexander brought this § 1983 action in the district court alleging that Defendants Bruce and Perez used excessive force against him in violation of the Eighth Amendment. The district court denied the defendants' motion for summary judgment on the issue of qualified immunity, and they appealed. In reviewing the district court's interlocutory order, we resolve all factual disputes in Alexander's favor. *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001) (per curiam).

■ Alexander's allegations, if true, establish an Eighth Amendment violation.

The dispositive question for an excessive use of force claim is not what degree of injury the inmate suffered, but rather whether the degree of force the defendants used was applied "maliciously and sadistically for the very purpose of causing harm" or "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citation and internal quotations omitted). "The absence of serious injury is ... relevant to the Eighth Amendment inquiry but does not end it." *Id.* at 7. According to Alexander, Bruce and Perez isolated him from the other inmates and, while he was handcuffed and not resisting, slammed him against walls twice, punched him, twisted his leg with the intent of breaking it and held his eyelids open while threatening him with pepper spray. These facts, if proven, demonstrate that Bruce and Perez used greater than *de minimis* force with the intent to harm Alexander and not for disciplinary purposes, thereby violating the Eighth Amendment.

■ The allegations also would establish that Bruce and Perez violated clearly established law. Since 1992, the legal standard articulated in *Hudson* has provided officers with ample notice that malicious or sadistic use of force is unlawful. Indeed, *Hudson* held unconstitutional specific actions very similar to those at issue here. *See id.* at 7–10 (holding that guards violated Hudson's Eighth Amendment rights when they gratuitously punched and hit him, causing only minor injuries, while escorting him between prison facilities). Thus, a reasonable officer would know that intentionally harming a prisoner without a disciplinary or other permissible purpose violates the Eighth Amendment.

The denial of summary judgment on qualified immunity is **AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.